UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CIARA M. CROWE-JACKSON<br>*Plaintiff,*<br>v.<br>VIRGINIA EMPLOYMENT COMMISSION,<br>*Defendant.* | CASE NO. 3:23-cv-00001<br><br>ORDER<br><br>JUDGE NORMAN K. MOON |

Plaintiff Ciara M. Crowe-Jackson commenced this action against Defendant Virginia Employment Commission (the "VEC") by filing a *pro se* complaint as well as an application to proceed in *forma pauperis*. Dkts. 1, 2. She alleges the VEC wrongfully terminated her unemployment compensation. Dkt. 1 at 3–4. The Court grants the application to proceed in *forma pauperis* but dismisses the complaint, without prejudice, for lack of subject matter jurisdiction.

Courts have an independent duty to ensure that jurisdiction is proper. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A court "must dismiss" an action if it "determines at any time that it lacks subject matter jurisdiction." Fed. R. Civ. P. 12(h)(3). "Accordingly, questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

The Court finds that it lacks subject matter jurisdiction over this civil action, because Plaintiff does not allege that she has exhausted her state administrative remedies prior to filing her lawsuit. *See* Dkt. 1 at 3. Under Virginia law, a determination on a claim for unemployment benefits is

> final unless the claimant or any such employing unit files an appeal from such determination or decision (i) within 30 calendar days after the delivery of such notification, (ii) within 30 calendar days after such notification was mailed to his last known address, or (iii) within 30 days after such notification was mailed to the last known address of an interstate claimant.

Va. Code § 60.2-619(D). Thus, to properly "challenge the denial or discontinuation of unemployment benefits, a person must first appeal the decision to the VEC." *Williams v. Virginia Emp. Comm'n*, No. 121CV851LMBJFA, 2021 WL 8892170, at *1 (E.D. Va. Nov. 30, 2021).

Assuming arguendo that Plaintiff's allegations show that she exhausted her state administrative remedies or that any appeal to the VEC was futile, the Court still lacks jurisdiction because Plaintiff filed her complaint in the wrong court. Under Virginia Code § 60.2-625(A), "any party aggrieved who seeks judicial review shall commence an action in the circuit court of the county or city in which the individual who filed the claim was last employed." Thus, Plaintiff "should have sought review in the state courts of Virginia, not a federal district court." *Williams* 2021 WL 8892170, at *2; *see Collins v. Hess*, No. 1:21cv750, 2021 WL 3163615, at *2, 2021 U.S. Dist. LEXIS 143004, at *4 (E.D. Va. June 23, 2021) (noting that "[o]nly after the VEC's internal appellate process has been exhausted is judicial review appropriate, at which point a plaintiff may file 'an action in the circuit court of the county or city in which the individual who filed the claim was last employed'—not in federal court" (citing Va. Code Ann. § 60.2-625(A))); *Colvin v. Hess*, No. 3:21-CV-746-HEH, 2022 WL 126538, at *2 (E.D. Va. Jan. 12, 2022).

For these reasons, the Court **DISMISSES** Plaintiff's complaint, Dkt. 2, without prejudice.

It is so **ORDERED**.

The Clerk of Court is directed to send a certified copy of this Order to Plaintiff.

Entered this __9th__ day of January, 2023.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE